stopped by the conductor on a signal given by her, to enable her to alight.

2. CARRIERS, § 306*—*when evidence insufficient to show person was riding as a trespasser on an illegal transfer*. In an action for personal injuries sustained by plaintiff when alighting from a street car, evidence *held* insufficient to show that plaintiff was a trespasser on the car for the reason that she was riding on a transfer which was claimed to have been invalid.

3. EVIDENCE, § 410*—*when physician may give opinion as permanency of physical condition of plaintiff*. In an action for personal injuries, a physician or surgeon may state his opinion whether the present physical conditions of plaintiff are apt to be permanent and, if any improvement seems probable, what are the chances for a complete recovery.

4. APPEAL AND ERROR, § 450*—*when party cannot complain of refusal to strike out answer of witness*. Where a physician in answer to a question testified as to the permanency of plaintiff's physical condition and later in answer to a similar question gave a similar answer which defendant moved the court to have stricken out, *held* that the defendant could not complain of the court's refusal to strike out such latter answer where no objection was made to the original question and no motion was made to strike out the answer thereto.

5. DAMAGES, § 110*—*when amount allowed for personal injuries not excessive*. A verdict for four thousand dollars for personal injuries received by a passenger alighting from a street car *held* not excessive under the evidence on the question of damages.

---

## The People of the State of Illinois, Defendant in Error, v. Charles Bosickavich, Plaintiff in Error.

## Gen. No. 20,010.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed July 14, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Information filed by the People of the State of Illinois charging Charles Bosickavich with an assault with a dangerous weapon, without any considerable provocation and under circumstances showing an abandoned and malignant heart, with intent to inflict bodily injury. The verdict found defendant guilty of an ''assault with a deadly weapon'' and judgment was pronounced upon the verdict and a fine of one hundred dollars and the costs of the suit imposed. To reverse the judgment, defendant prosecutes a writ of error.

Plaintiff in error urges as ground for reversal that the verdict is insufficient to support the judgment in that it does not respond to the issue submitted to the jury.

LOUIS KAHN, for plaintiff in error.

MACLAY HOYNE and FRANCIS E. HINCKLEY, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 34*—*when verdict warrants judgment for mere assault.* On information charging a defendant with an assault with a dangerous weapon, without any considerable provocation and under circumstances showing an abandoned and malignant heart, with an intent to inflict bodily injury, a verdict finding the defendant guilty of an "assault with a deadly weapon" *held* in effect to be a verdict for mere assault and to authorize the court to reject as surplusage the words "with a deadly weapon" and render judgment on the verdict for such offense.

2. ASSAULT AND BATTERY, § 34*—*when jury may convict of lesser offense of mere assault.* On the trial of an information charging an assault with a dangerous weapon, without any considerable

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

provocation and under circumstances showing an abandoned and malignant heart, with intent to inflict bodily injury, the jury may acquit of the offense charged in the information and convict of the offense of mere assault even though there is no count specifically charging the lesser offense.

## The People of the State of Illinois, Defendant in Error, v. Mike Bosickavich, Plaintiff in Error.

### Gen. No. 20,011. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed July 14, 1914.

### Statement of the Case.

Only one point is raised in this record, which is the same as that raised in *People v. Bosickavich,* p. 462, *ante.* The information in each case was for the same offense and the form of verdict alike in each, and the decision in the *Bosickavich* case *held* controlling.

LOUIS KAHN, for plaintiff in error.

MACLAY HOYNE and FRANCIS E. HINCKLEY, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.